Eliza J. McGuire, Appt., v. Robert H. McGuire.

Where a father by will devises land in "fee simple" to his son, and the son dies after the date of the father's will, leaving his widow and several

---

NOTE.—Where the vendor has but a conditional fee in the land which he has agreed to convey, specific performance of the contract will not be granted. Fife v. Miller, 165 Pa. 612, 30 Atl. 1015.

children surviving him, and the devisor adds a codicil devising said land in "fee simple" to said son's widow while she should remain a widow of his son,—*Held*, 1, that the devisee had only a life estate therein, with remainder to heirs of her husband; and 2, that such devisee could not make a good and sufficient deed in "fee simple" as she had covenanted to do, and that the appellee, who had covenanted and agreed to pay a consideration for the land in "fee simple," was wholly released from his part of the contract. ·

(Argued October 6, 1887.  Decided October 25, 1887.) .

October Term, 1887, No. 130½, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.  Appeal from a decree of the Common Pleas of Westmoreland County dismissing a bill in equity seeking to compel defendant to comply with a contract for the purchase of certain real estate.  Affirmed.

On June 1, 1886, the appellant, and Robert H. McGuire, the appellee, entered into an article of agreement, duly signed by the parties, in which the appellant covenanted and agreed to convey to Robert H. McGuire, in fee simple, a certain tract of land in Derry township, Westmoreland county, Pa., containing 97 acres, and Robert H. McGuire on his part covenanted and agreed to pay her the sum of $3,000 therefor on or before June 10, 1886. Robert H. McGuire neglected and refused to pay the consideration money, or any part of it, and the appellant thereupon filed her bill in equity to obtain a decree of the court to compel him to comply with his contract.

In response to this bill Robert H. McGuire admitted the facts contained in the complainant's bill, but alleged that she did not own in fee simple the land described in the agreement, but had only a life estate therein, with remainder to the heirs of her husband, John McGuire, deceased, and that by reason of not owning the fee simple he alleged that she was unable to make a good and sufficient deed in fee simple, as she had covenanted to do, and prayed that a decree be made dismissing the bill at the costs of the complainant.

The facts are stated in the following opinion of the court below:

This bill is filed to enforce the specific performance of a contract for the sale of land.  The defendant refuses to take the plaintiff's deed and pay for the land, because, he contends, the plaintiff is not the owner of the land in fee, but has only a life

estate at most.   If the defendant be right in this regard equity will relieve him.   The plaintiff cannot enforce this contract unless she is able to give the defendant a marketable title.

Whatever title the plaintiff has comes to her by devise from James McGuire.   There is no dispute about the facts.   The whole question turns upon the proper construction of James McGuire's will.

To assist us in coming to a correct interpretation of this will it is well to keep in mind that the cardinal rule of construction is that the intent of the testator is to be gathered from the four corners of the will, taken as a whole (see authorities collected in Brightly, p. 2387, pl. 193, and p. 3771, pl. 59); and the will and codicil (as here) are to be construed as one instrument. Kline's Appeal, 86 Pa. 363.

For the purpose of carrying out such intent words may be supplied, or understood or left out in a clear case, so that the court will permit the will to be read as if the words had been inserted or omitted.   McKeehan v. Wilson, 53 Pa. 74.

While it is true that of two contradictory clauses, the last must prevail, yet the intent of the testator is not to be overcome by an ambiguous direction in a subsequent part of the will.   Sheetz's Appeal, 82 Pa. 213.

The first taker under a will is presumed to be the favorite of the testator.   Wilson v. McKeehan, 53 Pa. 79.

In England a rule is that indefinite devises substituted for devises in fee confer a life estate only.   1 Jarman, Wills, 28, last ed.

Plaintiff's counsel prefers the rule that of two inconsistent or contradictory expressions the latter will prevail.   So far as this rule is applicable here, we have answered already the position of counsel.

The case of Hancock's Appeal, 112 Pa. 532, 5 Atl. 56, is also urged, wherein it is said:   "The question of expounding a will is not what the testator meant, but what is the meaning of his words."   Certainly; but suppose a testator writes down inconsistent, contradictory, and ambiguous words—what then ?   Take the clause in the codicil under which the plaintiff claims title— "I devise to my daughter-in-law, Eliza J. McGuire, the widow of John McGuire, while she remains the widow of said John McGuire, deceased, in fee simple the tract of land," etc. Take the whole of this devise together and it is nonsense—the

work evidently of a scrivener who did not know the meaning of
the words "fee simple."

It is evident to the court that after the will proper of James
McGuire was made, his son John died, and that the intention of
the testator by the codicil was to give the farm he had devised to
John to his widow during her widowhood, which might be dur-
ing her life; and we shall adopt the position of defendant's coun-
sel as stated in his paper book.    [The true interpretation of the
will of James McGuire is that the widow of John McGuire took
an estate for life, conditioned upon her remaining unmarried,
with remainder to the surviving issue of John McGuire, de-
ceased.]

Thereupon a decree was rendered dismissing the bill at plain-
tiff's costs; and plaintiff appealed, assigning as error the por-
tion of the opinion of the court below inclosed in brackets, and
the making of the decree.

*H. P. Laird,* for appellant.—"Conditions that are repugnant
to the estate to which they are annexed are absolutely void.
Thus, if a testator, after giving an estate in fee, proceeds to qual-
ify the devise by a proviso or condition which is of such a na-
ture as to be incompatible with the absolute dominion and own-
ership, the condition is nugatory and the estate absolute."    1
Jarman, Wills, *810.

"Conditions are not sustained when they are repugnant to the
nature of the estate granted."    4 Kent, Com. *131.

"Express conditions  .  .  .  if they be contrary to law or
repugnant to the nature of the estate are void.    In any of which
cases, if they be conditions subsequent,—that is, to be performed
after the estate is vested,—the estate shall become absolute in the
tenant."    2 Jacob, Law Dict. p. 5, title, *Condition.*    See also
Co. Litt. 306.

"Conditions which tend to destroy or restrain the estate are to
be taken strictly.  .  .  .  A gift in tail, or in fee, upon condi-
tion that a *feme* shall not be endowed or baron be tenant by the
courtesy, is repugnant and void."    2 Jacob, Law Dict. p. 6,
title, *Condition.*

"A condition which would take away the whole effect of a
grant is void; and so it is, if it be contrary to the express words
of it."    Id. p. 8.

The devise in this case could not be a base fee.

"A base fee is one which may, by possibility, continue forever." 2 Bl. Com. p. 109.

If effect is given here to the repugnant clause, the estate would terminate when the widow either married or died. We infer, therefore, that there is no ground for the devise in question constituting a base fee.

Nor is it a conditional limitation. The devise in question does not come within the rules governing such a limitation. The assumption of the judge that either the scrivener or the testator was ignorant of the meaning of the term "fee simple" is repelled by a simple inspection of this will and codicil, which, with the exception of the repugnant clause, is a model of order, brevity, simplicity, and clearness.

Numerous authorities which give effect to a last clause in the will rather than a preceding one, where they are inconsistent, resolve this conjecture into a legal inference which has become a rule of property, not only in England but in Pennsylvania.

Lewis's Estate, 3 Whart. 162, is precisely in point. It was there held that when a will contains two clauses, totally inconsistent and incapable of being reconciled, the latter clause shall prevail.

"Where there are two clauses in a will, so inconsistent that it is impossible to give effect to both, the former must give way to the latter." Stickle's Appeal, 29 Pa. 234.

"If two clauses in a will are irreconcilable, the latter is to be adopted." Newbold v. Boone, 52 Pa. 167; Snively v. Stover, 78 Pa. 484.

In this case the testator said that his daughter-in-law, the appellant, should have a fee-simple title in the land devised to her. The terms he used were familiar, not only to the profession, but also to all intelligent minds, as giving an absolute title. Shall the will not be expounded in accordance with what the testator said, and said last, rather than institute a conjecture as to whether he did not mean something different from what he said.

What do these words "in fee simple" mean, other than an intent to invest the appellant with the absolute title?

The question in expounding a will is not what the testator meant, but what is the meaning of his words. Hancock's Appeal, 112 Pa. 532, 5 Atl. 56.

If the testator had intended a less estate than a fee simple,

there doubtless would have been a devise of the remainder after the life estate. It will not do to claim, as the court below has done, that the children and heirs at law of John would take the remainder. John was dead; died after the making of the will, but before the date of the codicil; and the devise to his widow of a fee simple was substituted in the place of a former devise to him.

Section 8 of the act of April 8, 1833 (2 Purdon's Digest, p. 1711, pl. 14), which was intended to prevent the lapsing of a devise or legacy in favor of a child, saved to every testator the right to direct otherwise.

In this case the codicil to the will did direct otherwise; and the direction, in the statute, could not take effect, because, by the terms of the statute it must take effect, if at all, in favor of the issue to the full extent of the devise to the ancestor.

*John B. Keenan,* for appellee.—The question to be determined by the court is, What is the true interpretation of the will and codicil of James McGuire, deceased, with reference to the lands devised in the will to "John McGuire in fee simple," and in the codicil to "Eliza J. McGuire, the widow of John McGuire, deceased, while she remains the widow of said John McGuire, deceased, in fee simple?"

The cardinal rule of construction is that the intent of the testator is to be gathered from the four corners of the will, taken as a whole. Lynn v. Downes, 1 Yeates, 518; Edmonson v. Nichols, 22 Pa. 74.

All written documents, and wills more than all others, are to be construed as wholes (parts should interpret and modify other parts), and the intention which permeates the whole cannot but be accepted as the final meaning of the instrument. Shreiner's Appeal, 53 Pa. 108.

Particular expressions, that would stand in the way of the general intent of the testator, are to be construed in subordination to it or disregarded. Musselman's Estate, 5 Watts, 9; Schott's Estate, 78 Pa. 40.

When the insertion of words has wrongly expressed what, from the whole tenor of the will, was the intention of the testator, the court will permit the will to be read as if the words had been omitted. McKeehan v. Wilson, 53 Pa. 74.

Let us suppose that James McGuire, after making his will

and after the death of his son John, had died before September 25, 1865,—in a word, died without making the codicil of September 25, 1865, what then would have become of this land? Clearly, under the act of April 8, 1833, § 12, it would have gone directly to the children of John McGuire, deceased (of whom the appellee is one), and Eliza J. McGuire, the appellant, would have no claim to it or any part of it. The devise to John McGuire did not lapse at his death; it survived to his heirs. Act April 8, 1833, § 12, P. L. 1833, p. 250.

"No devise or legacy in favor of a child, or other lineal descendant of any testator, shall be deemed or held to lapse, or become void, by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator, but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator, saving always to every testator the right to direct otherwise." ·

But it is argued, the codicil of September 25, 1865, revoked that devise and vested the title to the land in question in the appellant, Mrs. McGuire. An examination of the codicil shows that it revoked nothing expressly. Did it revoke the devise to John McGuire by implication? A codicil does not necessarily revoke a will or any part of it.

"A codicil, *codicillus,* a little book or writing, is a supplement to a will, or an addition made by the testator, and annexed to, and to be taken as part of, a testament; being for its explanation or alteration, or to make some addition to, or else some subtraction from, the former disposition of the testator." 2 Bl. Com. p. 500.

The effect of the codicil in this case is to alter the devise in the will in this respect—to arrest the devise in its descent to the children of John McGuire, deceased, by interposing an estate, *durante viduitate,* in their mother, the appellant. This is the plain intent of the will gathered from the four corners of it, and by dropping from the codicil the clause "in fee simple," clearly expressed. If James McGuire had intended to revoke the devise to his son John, and disinherit his grandchildren in favor of his daughter-in-law, why did he not in so many words do so? He had no such intention, and his will, when fairly interpreted, shows none. The codicil is inartificially and unskilfully drawn, evidently the work of an ignorant scrivener, and should

not be so construed as to disinherit the grandchildren of James McGuire, in favor of a stranger to his blood.

"We have before us  .  .  .  another illustration of the remark of Lord Mansfield in Doe *ex dem.* Hanson v. Fyldes, 2 Cowp. 834: 'It is plain that the testatrix, at the time of making her will, had legal assistance; but it was such assistance as served only to confound, by making her use all the dragnet words of conveyancing, without knowing the force of them.' By the introduction, without sense or meaning, of the words 'survivors or survivor of them' [in this case 'in fee simple,'] copied probably from some form book, what in the intention of the testator was a very simple and intelligible disposition of his property has been rendered confused and given rise to this controversy." Seibert v. Wise, 70 Pa. 148; Hunter's Estate, 6 Pa. 106.

"The principle of not disinheriting the heir without sufficient words ought, if possible, to be more strictly observed here than in England; because there the eldest son is the heir, but here the law is more equitable, and all the children together are con-. sidered as heirs." French v. M'Ilhenny, 2 Binn. 20; McIntyre v. Ramsey, 23 Pa. 320; Rupp v. Eberly, 79 Pa. 144.

The question of conditions, repugnant or otherwise, does not properly enter into this case and requires no discussion upon our part. The clause: "While she remains the widow of said John McGuire, deceased," is not a condition, but a limitation, creating an estate *durante viduitate,* a particular estate. And, as to the remainder, the testator, with the help of the act of April 8, 1833, devises it to the children of his son John.

PER CURIAM:

Eliza J. McGuire could not comply with the terms of her contract of June 1, 1886, with Robert H. McGuire, by conveying to him the fee simple of the land therein described, and until she is in a position to do this, he cannot be compelled to pay the purchase money. We are inclined to think with the learned judge of the court below that, under the will of James McGuire, she took but a life estate. At best, however, her estate was no more than a conditional fee, hence, liable to expire on breach of the condition. But this was not the kind of a fee that the appellee agreed to take; and the court was, therefore, right in refusing to compel him to pay the purchase money.

The decree is affirmed, at the costs of the appellant.